### *MARIAH MORLOCK v. IGNATIUS T. HORSTMAN ET AL.

**1. SECTION 3573, REV. STAT., IS A GENERAL LAW AND NOT UNCONSTITUTIONAL.**

Section 3573, Rev. Stat., a general law, changing the distance from a dwelling house at which the location of a cemetery was fixed from 200 yards to 100 yards after the plaintiff had acquired her property and made improvements thereon, cannot be construed as an infringement upon her vested rights, especially where such modification might reasonably have been anticipated as

---

* The judgment of the circuit court in this case was affirmed by the Supreme Court, unreported, 60 Ohio St., 629.

*Blackford & Blackford*, for plaintiff in error in the Supreme Court, cited:

Application of Sec. 1464, Rev. Stat., to land purchased: Henry v. Trustees, 48 Ohio St., 671 [30 N. E. Rep., 1122]; Norton v. Trustees, 4 Circ. Dec., 422 (8 R., 335).

Appropriation: Sections 3572, 3373, 1472, Rev. Stat.

*Seney & Sayler* and *John Sheridan*, for defendants in error, cited no additional authorities.

to land adjoining the cemetery which was already established in a rapidly growing town.

**2. PERSON LOCATING NEAR CEMETERY CHARGED WITH NOTICE.**

A restriction as to the location of cemeteries which was considered reasonable when it was adopted may be removed or modified when necessity or circumstances demand it, as the wisdom of the legislature may determine. And it is not unreasonable to require such modification to be anticipated as to land adjoining cemeteries established and in use, by persons locating near a cemetery in a rapidly growing town ; and that the denomination using the cemetery would naturally incline to add adjoining land when more burial space became necessary.

**3. RULES APPLIED.**

Under the foregoing rules, one who purchases property adjoining and several years after the location and establishment of cemetery of a religious society and builds a house 160½ feet from the nearest lot therein and makes other improvements is not entitled to an injunction to restrain such society from using for cemetery purposes, land purchased by them adjoining the cemetery, where the part to be so used is more than 100 yards from plaintiff's dwelling as provided by Sec. 3573, Rev. Stat., although the addition thereto adjoins her land and its boundary line is less than 100 yards from her house.

APPEAL.

NORRIS, J.

The plaintiff, Mariah Morlock, complains that the defendant, Ignatius Horstman, is the bishop of Cleveland, and as such holds title of real estate of the Catholic church in his diocese and so holds certain land in Washington township in this county. St. Wendelas Catholic congregation of Fostoria, Ohio, is a religious society.

The plaintiff owns and occupies as a residence the premises adjoining on the west the land so held by the church; her residence and out buildings are less than one hundred yards from said lands of the church. She says that it is the intention of said religious society of St. Wendelas church to lay out its said lands for a cemetery for the dead of that congregation.

Plaintiff says that if the same be done it will make impure the water supply for her residence, and will greatly injure and depreciate the value of her property, and so plaintiff asks that defendant may be restrained from establishing and using the lands described for cemetery purposes.

Defendants deny that they intend or will lay out and establish a cemetery within three hundred feet of plaintiff's residence, but say that they are about to locate and lay out a cemetery which will be at its nearest point more than one hundred yards from plaintiff's dwelling house.

They aver that when plaintiff purchased her property and built her house and made her improvements the Fostoria city cemetery was located and used adjoining her said lands and no more than one hundred and forty feet from her said dwelling house, and that said cemetery is now, and before she so purchased and ever since has been, used as a cemetery and place for burial for the dead, and that the lands so proposed by defendant to be used as a cemetery adjoins the said Fostoria cemetery.

The issues thus presented reach this court by appeal from the common pleas.

There is substantially no disagreement as to the facts in this case. There was thought to be a difference as to distances. The west line of the land so held by the religious society is less than one hundred yards from the plaintiff's dwelling but the testimony shows that the portion of the land proposed to be used as a cemetery is three hundred feet and more

Morlock v. Horstman.

from plaintiff's residence; and that being true, what is the law of the case?

The testimony informs us that plaintiff's premises are 160½ feet from the nearest lot in the Fostoria cemetery, which is separated from her premises by the public highway.

The Fostoria city cemetery was established forty years ago and ever since has been and now is in use as a place of interment. Plaintiff's property was acquired eighteen years ago, about, and improvements made all since that time.

Under our statute the rule appears to be that a cemetery cannot be established upon premises which do not adjoin a cemetery already located, if the lands sought to be used for cemetery purposes lie within two hundred yards of a dwelling house unless the owner of the dwelling house gives his consent.

This rule, however, is not without its exceptions, and notably where it is sought to use for cemetery purposes property adjoining a cemetery already located and used. In such case the limit shall not be less than one hundred yards from a dwelling house if the dwelling house has been erected after the laying out and establishment of the cemetery so located and used.

We think there is nothing uncertain or ambiguous about this provision of Sec. 3573, Rev. Stat. The case at bar is clearly controlled by it. A cemetery is located and has been in use for forty years and is now in use adjoining it, with a cemetery road between which is merely a public easement and does not fix the land lines on plaintiff's premises.

Her home is 147 feet from the old cemetery line and 160½ feet from the nearest lot in it. Her property was acquired and her dwelling built years after the location of the adjoining cemetery. The land upon which this cemetery is sought to be established joins the old cemetery the same as do the premises of plaintiff and is distant from the dwelling over one hundred yards; it appears that a state of facts such as is recited by the testimony in this case was in contemplation by the law makers when this provision of Sec. 3573, Rev. Stat., was enacted.

As to her vested rights, Sec. 3573, Rev. Stat., is a general law. Each may use his property for legitimate purposes subject to whatever restriction the law imposes.

Land used for cemetery purposes is not being used for an illegitimate purpose. If two hundred yards was the distance from a dwelling house at which the location of a cemetery was fixed, when she made her improvements, it didn't determine any right in her, it simply curtailed the rights of somebody else, it restricted the rights to use property for a legitimate purpose.

A restriction that might have been a reasonable one, when necessity or circumstances require it, may be removed or modified as the wisdom of the legislature may determine, and it does not appear unreasonable that such modification shall be anticipated as to land adjoining cemeteries already established and in use, and where she located beside the ground which was then kept by a large and growing town as a place for the sepulchre of the dead. She was to some degree at least, chargeable with notice that the people of that place, of whatever religious sect or denomination, would naturally incline to that locality when conditions required more burial space. We do not think that this general law cannot be construed as an infringement upon her vested rights.

Plaintiff's petition will therefore be dismissed at her costs.